# Exhibit H

# CARTER LEDYARD MILBURN

Alan S. Lewis
Partner
lewis@clm.com

28 Liberty Street
New York, NY 10005
D / 212-238-8647

April 19, 2024

**BY EMAIL**

Susan Davis, Esq.
Cohen, Weiss and Simon LLP
900 Third Avenue
New York, NY 10022-4869
(sdavis@cwsny.com)

Dan Point
*Chief of Staff*
Local 802, American Federation of Musicians
dpoint@local802afm.org

Dear Ms. Davis and Mr. Point:

On behalf of Liang Wang - our client and a member of Local 802 – I write in connection with the New York Philharmonic's recent actions that violate the arbitration provision of the collective bargaining agreement. As demonstrated below, the Philharmonic has violated the CBA by failing to give effect to the binding arbitration award, and we accordingly demand that Local 802, as Mr. Wang's representative, *immediately* demand Mr. Wang's reinstatement to his position performing as the first oboe of the orchestra, and commence a legal enforcement action, if it does not.

As the CBA makes clear: "The decision of the Arbitrator shall be final and binding upon the Society, the Union and the individual Orchestra member involved." Here, the arbitration award compels that Mr. Wang be "reinstated and made whole for all contractual benefits lost." In other words, reinstatement is distinct from contractual benefits such as salary. But as you know, the Philharmonic is now in violation of the mandated reinstatement. In writing, the Philharmonic's CEO communicated to the entire orchestra that Mr. Wang is "not being assigned to any Philharmonic activity." Moreover, there is no end date of this suspension, and in the same communication, Mr. Ginstling said that "a decision about [Mr. Wang's] future with the New York Philharmonic will be made in due course."

The fact that Mr. Wang's suspension is with pay does not alter the conclusion that his suspension from performing is a violation of the arbitration award's reinstatement mandate. In

CARTER LEDYARD MILBURN

-2-

the related realm of Title VII, the Supreme Court recently held that proof of "some injury respecting []employment terms or conditions" is established by changes to the "what, where, and when of [an employee's] work" and that it "does not matter" that "rank and pay remained the same." *Muldrow v. St. Louis* (April 17, 2024). Here, the injury to Mr. Wang from his suspension is particularly significant. He had been assigned to concerts beginning on May 8 in which he was to perform a significant solo. But on April 17, counsel for the Philharmonic said to me in an email that "Mr. Wang will not be appearing in the concerts where he was to be a soloist beginning May 8."

In your letter to me dated April 18, you emphasized the "Local 802 owes a duty to all members of the bargaining unit." As applied to Mr. Wang, that duty encompasses the obligation to demand that the Philharmonic respect the binding nature of the arbitration award in his favor. There is nothing about Local 802's duties to other members of the bargaining unit that permits Local 802 to stand silent, much less publicly endorse (as Ms. Cutler recently did), the action of the Philharmonic that violates the CBA by relatedly violating the terms of the mandatory reinstatement provision of the arbitration award.

In sum, we demand that the Union perform its contractual and solemn duty to Mr. Wang by demanding his immediate reinstatement, and if the Philharmonic does not immediately comply, commencing legal action to compel its compliance. Finally, we demand that the Union cease and desist from making any further statements endorsing Mr. Wang's removal, suspension or non-assignment.

All rights reserved.

Sincerely,

Alan S. Lewis

ASL:bp

Carter Ledyard & Milburn LLP / clm.com

11292575.1