

Proskauer Rose LLP Eleven Times Square New York, NY 10036-8299

July 19, 2024

**VIA ECF**

Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

Howard Z. Robbins
Member of the Firm
d +1.212.969.3912
f 212.969.2900
hrobbins@proskauer.com
www.proskauer.com

Re:    *Liang Wang v. The Philharmonic-Symphony Society of New York, Inc. et al*
       Case No. 1:24-cv-03356 (AS) (RWL) [Rel: Case No. 1:24-cv-03348 (AS) (RWL)]

Dear Judge Subramanian:

This firm represents Defendant The Philharmonic-Symphony Society of New York, Inc. (the "Society") in the above-referenced matter. Pursuant to Fed. R. Civ. P. 26(f), on July 12, 2024, counsel for the Society, Defendant Associated Musicians of Greater New York, Local 802, A.F.M. ("Local 802" and with the Society, "Defendants"), Plaintiff Liang Wang ("Wang") and Plaintiff Matthew Muckey in a related action ("Muckey" and with Wang, "Plaintiffs"), conferred regarding a motion to stay discovery pending resolution of the motions to dismiss filed by Defendants and Plaintiffs' anticipated motion for partial summary judgment. As explained below and on behalf of all parties, the Society requests that the Court stay discovery pending resolution of these motions.

## I.    Background

Wang is an orchestra member of the Society. Local 802 is the exclusive bargaining representative of musicians employed by the Society. Wang challenges what he alleges to be his suspension by the Society in violation of the CBA as well as Local 802's decision not to file a grievance on his behalf. Wang thus brings a hybrid claim under Section 301 of the Labor Management Relations Act ("Section 301") against the Society for breach of the CBA, his individual agreement and a 2020 arbitration award, and against Local 802 for breach of the duty of fair representation (Claims I and II); state-law breach of contract against the Society (Claim IV); discrimination claims under state and city laws against Defendants (Claims V-VIII); *prima facie* tort against Defendants (Claims IX and X); and injunctive relief against the Society (Claim III). On June 5, 2024, Defendants moved to dismiss the Complaint with prejudice. (ECF 21, 23.) Wang confirms that he will be moving for partial summary judgment with respect to his hybrid claim, together with the filing of his opposition to the motion to dismiss.

## II.    A Stay of Discovery until Resolution of the Pending and Anticipated Motions Should Be Granted.

A district court may stay discovery "for good cause shown," Fed. R. Civ. P. 26(c), and has considerable discretion to impose a stay of discovery pending the determination of a dispositive

**Proskauer** »

July 19, 2024
Page 2

motion. *See O'Sullivan v. Deutsche Bank AG*, 2018 WL 1989585, at *1, 3-4 (S.D.N.Y. Apr. 26, 2018) (granting motion for a stay of discovery pending disposition of the defendants' motions to dismiss). "Good cause may be shown where a party has filed a dispositive motion, the stay is for a short period of time, and the opposing party will not be prejudiced by the stay." *N.Y. by James v. Pa. Higher Educ. Assistance Agency*, 2020 WL 605944, at *1 (S.D.N.Y. Feb. 7, 2020) (citations omitted).

A.  <u>The Parties' Respective Pending And Anticipated Dispositive Motions Will Significantly Shape The Scope And Need For Discovery, If Any, Which Compels Granting A Stay.</u>

Defendants are confident in their motions to dismiss and respectfully submit that on this basis, a stay of discovery is warranted. (*See* ECF 21, 23.) *See Alapaha View Ltd. v. Prodigy Network, LLC*, 2021 WL 1893316, at *2 (S.D.N.Y. May 10, 2021) (finding strength of motion to dismiss cuts in favor of granting stay); *N.Y. by James*, 2020 WL 605944, at *2 (staying discovery where dismissal arguments "are not frivolous and constitute the 'strong showing' necessary to weigh in favor of stay"); *Spinelli v. Nat'l Football League*, 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) (stay warranted when "the viability of the Plaintiff's claims is in at least some doubt pending the resolution of the motions to dismiss"); *Richards v. N. Shore Long Island Jewish Health Sys.*, 2011 WL 4407518, at *2 (E.D.N.Y. Sept. 21, 2011) (stay issued where defendants made "an adequate showing that plaintiff's claims are of questionable merit").

Plaintiffs are likewise confident that their soon-to-be-filed motions for partial summary judgment with respect to their respective hybrid claims will be granted. While the parties predict opposite outcomes, they agree that the outcome of their respective motions would significantly shape the need for any future discovery, if at all. In this light, the parties agree that it is efficient and sensible, in the interests of judicial economy and conservation of resources, for their respective motions to be decided before fact discovery commences.

B.  <u>Discovery Would Be Broad and Burdensome.</u>

The second factor also weighs in favor of a stay. Although Wang has not yet served discovery requests, the allegations in the Complaint suggest to Defendants that Wang may seek broad discovery given that Wang's allegations span several years, *i.e.*, going back to 2010. The Complaint is 195 paragraphs long, asserts ten causes of action, and names two defendants. At this stage, any discovery would, in Defendants' estimation, impose undue burdens on Defendants. Indeed, if discovery commences, it will necessitate extensive time, effort, and cost to proceed with document production, interrogatories, and depositions for claims that lack merit. A stay of discovery pending disposition of the motions to dismiss will prevent the parties from engaging in onerous and economically burdensome discovery on claims and issues that ultimately will be unnecessary. *See, e.g., Richardson v. City of N.Y.*, 2022 WL 2003340, at *1 (S.D.N.Y. June 6, 2022) (granting motion to stay discovery where, *inter alia*, discovery was likely to be broad given that complaint implicated numerous incidents); *Spinelli*, 2015 WL 7302266, at *2 ("A stay may also have the advantage of simplifying and shortening discovery in the event that some of

**Proskauer»**

July 19, 2024
Page 3

Plaintiffs' claims are dismissed and other survive, by limiting the scope of the parties' inquiry to claims that have been established as potentially viable.").

        C.  <u>No Prejudice Would Result from a Stay.</u>

As to the third factor, a stay of discovery is warranted because it would not risk undue prejudice to either party—who acknowledge this fact by jointly agreeing upon the requested stay. "[A] stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue." *See Alapaha*, 2021 WL 1893316, at *3 (finding no prejudice and granting motion to stay discovery). Here, the posture of the litigation compels a stay because the action was only filed in May 2024, roughly two months ago, and discovery has not yet commenced. *See Negrete v. Citibank, N.A.*, 2015 WL 8207466, at *2 (S.D.N.Y. Dec. 7, 2015) ("Any prejudice stemming from delay is likely to be minimal in any event, since this case is in its infancy and the hearing date for the motion is less than two months away."); *Giminez v. Law Offices of Hoffman & Hoffman*, 2012 WL 2861014, at *2 (E.D.N.Y. July 11, 2012) (no risk of unfair prejudice where action was in its "infancy" and no discovery had yet taken place); *Separ v. Cnty. of Nassau*, 2021 WL 2474263, at *4 (E.D.N.Y. June 17, 2021) (stay granted where plaintiff did not oppose defendants' motion and no risk of prejudice).

*    *    *    *    *

For the foregoing reasons, the parties jointly request that **the Court stay discovery until resolution of the pending and anticipated motions**. This is the first request for a stay of all discovery. The parties thank the Court for its consideration of this request.

Respectfully submitted,

*/s/ Howard Z. Robbins*

Howard Z. Robbins

cc: All Counsel of Record (via ECF)

SO ORDERED. But if the motions don't end the case, the parties should be prepared to conduct discovery on an expedited basis.

Arun Subramanian, U.S.D.J.
Date: July 22, 2024