UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------X
LIANG WANG,                                :
                                           :
                                           :  Case No.
            Plaintiff,                     :  1:24-cv-03356 (AS)
                                           :
    vs.                                    :  [rel. 1:24-cv-03348 (AS)]
                                           :
THE PHILHARMONIC-SYMPHONY SOCIETY          :
OF NEW YORK, INC. AND ASSOCIATED           :
MUSICIANS OF GREATER NEW YORK, LOCAL       :
802, AMERICAN FEDERATION OF MUSICIANS,     :
                                           :
            Defendants.                    :
-------------------------------------------X

# MEMORANDUM OF LAW IN SUPPORT OF
# PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT

CARTER LEDYARD & MILBURN LLP
28 Liberty Street, 41st Floor
New York, NY 10005
(917) 533-2524
lewis@clm.com
meara@clm.com

*Attorneys for Plaintiff Liang Wang*

*Of Counsel,*
    Alan S. Lewis
    Karen E. Meara

Plaintiff respectfully submits this memorandum of law in support of his motion—pursuant to Rule 15(a)(2) of Federal Rules of Civil Procedure ("Rule")—for leave to amend his complaint filed on May 1, 2024 (the "Complaint"). The proposed amended adds a verification page and makes no other amendments to the Complaint.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed the Complaint on May 1, 2024. Defendants moved to dismiss on June 5, 2024 (ECF Nos. 19, 22). On July 29, 2024, Plaintiff filed a motion for partial summary judgment and an accompanying Rule 56.1 Statement (ECF Nos. 36, 37). On the same day, Plaintiff filed his opposition to Defendants' motions to dismiss (ECF No. 40). On September 18, 2024, Defendants submitted their memoranda of law in opposition to Plaintiff's motion for partial summary judgment (ECF Nos. 46, 50) along with their reply in support of their motions to dismiss (ECF Nos. 45, 49), and responses to the Rule 56.1 Statement (ECF Nos. 48, 52). In their opposition to Plaintiff's motion for partial summary judgment, Defendants argued that allegations in the Complaint are inadmissible because the Complaint has not been verified. *See* ECF No. 50 at 4; ECF No. 46 at 8-9. As of now, briefing on the motions to dismiss is complete, and the motion for partial summary judgment will be fully briefed upon Plaintiff's reply.

On October 7, 2024, Plaintiff's counsel sent counsel for Defendants an email, seeking their consent to amend the Complaint. *See* Ex. C to Declaration of Alan Lewis in Support of Motion for Leave to Amend the Complaint ("Lewis Decl."). Counsel for both Defendants declined, citing no substantive reasons other than "the substantial time and resources that the parties have invested." *Id.*

## ARGUMENT

Historically, the discretion afforded by Rule 15 to allow amended pleadings has been applied with great leniency, to allowing parties to present their claims on the merits rather than be

1

dismissed for procedural shortcomings. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Supreme Court emphasized that, absent clear reasons such as undue delay, bad faith, repeated failure to address deficiencies, undue prejudice to the opposing party, or futility of the amendment, leave to amend should be "freely given." *Id. Union Bank of India v. Seven Seas Imports, Inc.*, 727 F. Supp. 125, 133 (S.D.N.Y. 1989) ("[a] motion to amend should be denied only for reasons such as undue delay, bad faith, futility of the amendment, or prejudice to the opposing party"). "Although the decision of whether to allow plaintiffs to amend their complaint is left to the sound discretion of the district court, there must be good reason to deny the motion." *Acito v. IMCERA Group, Inc.*, 47 F.3d 47, 55 (2d Cir. 1995) (citing *S.S. Silberblatt, Inc. v. East Harlem Pilot Block—Bldg. 1 Housing Dev. Fund Co., Inc.*, 608 F.2d 28, 42 (2d Cir. 1979)); *Loc. Union 20 v. United Bhd. of Carpenters & Joiners of Am.*, No. 97 CIV. 5538 (CSH), 2001 WL 1005565, at *12 (S.D.N.Y. Aug. 6, 2001) (stating that a court should not refuse leave to amend unless the rigorous standard is met).

Here, Defendants have not, and cannot, identify a valid reason to deny Plaintiff's motion to amend. The motion to amend will not cause undue delay as the case remains in its early stages—no scheduling order has been set, and discovery has not yet begun. *See Duling v. Gristede's Operating Corp.*, 265 F.R.D. 91, 97 (S.D.N.Y. 2010) (granting motion to amend two and a half years after the litigation began and stating that leaving to amend may be appropriate at any stage of litigation).

Further, this motion will not bring undue prejudice towards Defendants. The proposed Amended Complaint, attached as Exhibit A to the Lewis Declaration, and the redline comparison, attached as Exhibit B, show that the single change is exceedingly modest. The proposed amendments do not introduce new claims, defenses or factual allegations, but simply add a one-page verification to the original Complaint. This verification does not impact any substantive

arguments raised in the motion papers, except for addressing a technical argument made by Defendants in their papers opposing Plaintiff's motion for partial summary judgment. *See* ECF No. 50 at 4; ECF No. 46 at 8-9. This argument is purely technical and unrelated to the case's merits, as reflected in each Defendant's response to Plaintiff's Rule 56.1 Statement. While Defendants made dozens of admissibility objections to Plaintiff's reliance on the Complaint in support of certain statements of fact, they also repeatedly admitted the absence of any material dispute as to the substance of the vast majority of those statements. *See, e.g.,* ECF No. 48 ¶¶ 1-3, 5-8, 12-15; ECF No. 52 ¶¶ 1-3, 5-8, 12-15. Therefore, granting Plaintiff's motion to amend will not prejudice Defendants; rather it will merely enable Plaintiff to cure a technical defect so that his claims may be heard on the merits. *See, e.g., Bailey v. Wells Fargo Bank, N.A.*, 2016 WL 3660376, at \*4 (E.D.N.Y. June 6, 2016) (granting Plaintiff's motion for leave to amend to the extent it seeks to verify her complaint).

## CONCLUSION

Because there is no discernable prejudice to Defendants, respectfully, the Court should permit Plaintiff to amend his Complaint to include a verification page.

Dated: New York, New York
October 30, 2024

Respectfully submitted,

CARTER LEDYARD & MILBURN LLP

By:     */s/ Alan S. Lewis*
Alan S. Lewis
Karen E. Meara
28 Liberty Street, 41st Floor
New York, NY 10005
(917) 544-2524
lewis@clm.com
meara@clm.com

*Attorneys for Plaintiff Liang Wang*

3