**CARTER LEDYARD MILBURN**

<div style="display:flex;justify-content:space-between;">

**Alan S. Lewis**
Partner
lewis@clm.com

28 Liberty Street, 41st Floor
New York, NY 10005
D / 212-238-8647

</div>

October 30, 2024

**VIA ECF**

Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

      Re:   *Wang v. The Philharmonic-Symphony Society of New York, Inc., et al.*
                Case No. 1:24-cv-03356 (AS) (RWL) [Rel: Case No. 1:24-cv-03348 (AS) (RWL)]

Dear Judge Subramanian:

      On behalf of the Plaintiff and pursuant to Paragraph 11(B) and (C)(ii)–(iii) of this Court's Individual Practices in Civil Cases, we write to respectfully request permission to (i) file under seal Wang's reply in further support of his motion for partial summary judgment to the Philharmonic's Rule 56.1 response ("56.1 Reply to the Philharmonic"); and (ii) to file an unsealed version of that document that is redacted to the extent it describes or quotes confidential information.

      Wang asks the Court to allow him to redact a small portion of his 56.1 Reply to the Philharmonic because that document includes a quote from *In the Matter of The Arbitration Between Associated Musicians of Greater New York, Local 802, American Federation of Musicians and The Philharmonic-Symphony Society of New York, Inc.*, the confidential arbitration decision issued in 2020 that ordered the Philharmonic to reinstate Wang to his position (the "Award"). The Award is currently filed with this Court under seal pursuant to the Court's order in the related case *Wang v. Sussman, et al.,* Case No. 1:24-cv-03987-AS (*see* ECF #31). All parties to the Award, including Wang and the Philharmonic, agreed to keep it confidential for a variety of reasons, including, but not limited to, the protection of witnesses who were assured their testimony would remain private.

      Respectfully, sealing is warranted in this instance. Although U.S. courts generally favor public disclosure of proceedings, including documents filed therein, that right "is not absolute," and the right of inspection must sometimes yield to the "power of the court to ensure that its records are not used to gratify private spite or promote public scandal." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (quotation marks omitted). *See also Brown v. Maxwell*, 929 F.3d 41, 51 (2d Cir. 2019) ("we share [the] concern that court files might be used to 'promote scandal arising out of unproven potentially libelous statements.'").

**CARTER LEDYARD MILBURN**

-2-

Here, Plaintiff cannot fully respond to the Philharmonic's 56.1 responses without referencing material from the confidential arbitration award. Moreover, the material is not relevant to the disposition of the issues before the Court, lending further support to Plaintiff's motion. *Brown v. Maxwell*, 929 F.3d 41, 51 (2d Cir. 2019) (noting that the "presumption of public access" does not apply to "immaterial, impertinent or scandalous" material) (citation omitted).

Defendants have not yet apprised us of their position with regard to this request.

Thank you for your consideration.

Respectfully,

/s/ Alan S. Lewis

Alan S. Lewis

ASL:bp

The motion to seal is DENIED. Plaintiff has not carried his burden of demonstrating that the presumption of public access is overcome. First, as defendants point out, the information Wang seeks to redact is already publicly available on the docket. *See* Dkt. 52. This undercuts Wang's claim that the information, if public, would cause a scandal. Second, Wang's other rationale for sealing – that the parties agreed to keep the arbitration proceedings confidential – isn't enough. *See Alexandria Real Est. Equities, Inc. v. Fair*, 2011 WL 6015646, at *3 (S.D.N.Y. Nov. 30, 2011) ("[T]he mere existence of a confidentiality agreement covering judicial documents is insufficient to overcome the First Amendment presumption of access."). As the Second Circuit noted in *Brown v. Maxwell*, 929 F.3d 41, 46 (2d Cir. 2019), district courts should not "cede[] control of the sealing process to the parties themselves." *Id.* Even if the parties had agreed to keep everything about the arbitration process confidential, that – standing alone – can't overcome the public's right of access. *See Lohnn v. Int'l Bus. Machines Corp.*, 2022 WL 36420, at *15 (S.D.N.Y. Jan. 4, 2022) ("The Second Circuit's approach in *Brown* is instructive. The court first noted that the district court committed error in essentially ceding authority to the litigants themselves to decide what information should be made public and what should not. That same error would be committed here were the Court simply to defer to the parties' prior agreement that anything disclosed in the arbitration would be confidential in court—even if the arbitral confidentiality agreement could be so read." (citation omitted)).

The Clerk of Court is directed to terminate the motion at Dkt. 61.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Dated: November 5, 2024