UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- x

LIANG WANG,

                  Plaintiff,

         vs.

THE PHILHARMONIC SYMPHONY SOCIETY
OF NEW YORK, INC. AND ASSOCIATED
MUSICIANS OF GREATER NEW YORK, LOCAL
802, AMERICAN FEDERATION OF MUSICIANS,

                  Defendants.

Case No.
1:24-cv-03356 (AS) (RWL)
[Rel: Case No. 1:24-cv-03348 (AS)(RWL)]

-------------------------------------------------------------- x

# MEMORANDUM OF LAW OF ASSOCIATED MUSICIANS OF GREATER NEW YORK, LOCAL 802, AFM IN OPPOSITION TO PLAINTIFF LIANG WANG'S MOTION TO AMEND

Susan Davis
Olivia R. Singer
COHEN, WEISS and SIMON LLP
909 Third Avenue, 12th Floor
New York, New York 10022-4869
Tel: (212) 563-4100
sdavis@cwsny.com
*Attorneys for Defendant Associated Musicians of Greater New York, Local 802, American Federation of Musicians*

10060375.1

**PRELIMINARY STATEMENT**

Defendant Associated Musicians of Greater New York, Local 802, American Federation of Musicians ("Local 802" or "Union") submits this memorandum of law in opposition to Plaintiff Liang Wang's October 30, 2024 motion for leave to amend his complaint (Dkt. No. 56).

The Court should deny Wang's request for leave to amend his complaint as futile because his proposed amendment, the addition of a verification page, fails to address the deficiencies identified by Local 802 in support of its June 5, 2024 motion to dismiss the complaint. *See* Dkt. No. 19.

**PROCEDURAL BACKGROUND**

On May 1, 2024, Plaintiff filed a complaint against Local 802 and the Philharmonic Symphony Society of New York, Inc. (the "Society") challenging the Philharmonic's decision to take him off the schedule during the pendency of an investigation into allegations of sexual misconduct and Local 802's decision to await the results of the investigation before determining what action to take.

On June 5, 2024, Local 802 and the Society moved to dismiss Plaintiff's Complaint, *see* Dkt. Nos. 19 and 22, on the grounds that Plaintiff's hybrid claim under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 ("Section 301") for breach of the collective bargaining agreement ("CBA") and the Union's duty of fair representation ("DFR") and city-and state-law claims for sex discrimination should be dismissed as a matter of law. *See also* Dkt. Nos. 21, 23. Plaintiff had initially also brought a claim for prima facie tort against Local 802, but he agreed to voluntarily dismiss this claim on July 29, 2024. Dkt. No. 41.

On July 29, 2024, Plaintiff filed a motion for partial summary judgment on his hybrid Section 301/DFR claim. *See* Dkt. No. 36. In support of this motion, Plaintiff filed a Rule

1

56.1 Statement of Undisputed Material Facts.  Dkt. No. 37.  Both Plaintiff and his attorney also filed declarations in support of the motion.  See Dkt. Nos. 38, 39.

On September 18, 2024, Local 802 and the Society filed briefs in opposition to Plaintiff's motion for summary judgment.  See Dkt. Nos. 46, 50.  In their opposition, both Local 802 and the Society pointed out that Plaintiff had failed to support many of the statements in his Rule 56.1 statement with cites to admissible evidence as required by Federal Rule of Civil Procedure 56(c) and Local Civil Rule 56.1(d).  Instead, Plaintiff had simply relied on allegations in his unverified complaint.

On October 30, 2024, Plaintiff filed the instant motion seeking leave to amend his complaint for the purpose of adding a verification page.

## STANDARD OF REVIEW

Although Federal Rule of Civil Procedure 15(a)(2) provides that the Court should "freely give leave [to amend] when justice so requires," "[j]ustice does not require amendment when it would be futile."  *Petrone v. Turner Publ'g Co. LLC*, No. 22-CV-2698 (AS), 2023 WL 7302447, at *4 (S.D.N.Y. Nov. 6, 2023) (Subramanian, A) (citing *Mackensworth v. S.S. Am. Merch.*, 28 F.3d 246, 251 (2d Cir. 1994)).  Generally, the futility of a proposed amendment is evaluated under the same standard as a 12(b)(6) motion to dismiss.  *360 N. Rodeo Drive, LP v. Wells Fargo Bank, Nat'l Ass'n*, No. 22-CV-767 (AS), 2024 WL 449401, at *1 (S.D.N.Y. Feb. 6, 2024 (Subramanian, A) (citing *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991)).

Pursuant to this Court's practices, in response to a motion to dismiss, a non-moving party who elects to amend its pleading pursuant to Federal Rule of Civil Procedure 15(a)(1) must notify the Court and its adversary of its intent to do so within 10 days of the filing of the motion.  Hon. Arun Subramanian, Individual Practices in Civil Cases rule 8(G)(ii).  A non-

moving party is "on notice that declining to amend [its] pleading to timely respond to an argument in the motion to dismiss may constitute a waiver of [its] right to later use the amendment process to cure defects that have been made apparent by the briefing." *Id.; see also Zunzurovski v. Finger,* No. 23-CV-4883 (AS), 2024 WL 836481, at *5 (S.D.N.Y. Feb. 28, 2024) (Subramanian, A.) (denying motion for leave to amend where plaintiff did not seek to amend complaint to cure defects made apparent in motion to dismiss briefing).

## ARGUMENT

### I. THE COURT SHOULD DENY PLAINTIFF'S REQUEST FOR LEAVE TO AMEND AS FUTILE.

In its opening and reply briefs in support of its motion to dismiss, Local 802 outlined numerous deficiencies justifying dismissal of all claims brought by Plaintiff against Local 802 as a matter of law. *See* Dkt. Nos. 21, 45. As Local 802 explained, Plaintiff's Section 301/DFR claim should be dismissed because Plaintiff: 1) fails to plausibly allege a breach of the CBA, 2) fails to plausibly allege arbitrary, discriminatory, or bad faith conduct by Local 802, and 3) fails to plausibly assert a causal connection between Local 802's alleged misconduct and any damages alleged. Plaintiff's city- and state-law discrimination claims fail because 1) they are preempted by Section 301, 2) Plaintiff fails to allege that every member of Local 802 ratified the Union's actions, an essential element of these claims under *Martin v. Curran*, and 4) he fails to plausibly allege the essential elements of these claims. Plaintiff's proposed amendment, the addition of a verification page, will do nothing to cure these grounds for dismissal.

In support of his request for leave to amend, Plaintiff focuses exclusively on his own motion for partial summary judgment. *See* Dkt. No. 58. Plaintiff concedes his failure to cite to admissible evidence and requests the opportunity to belatedly correct this "technical defect." Plaintiff fails to explain why he did not simply include these statements in the declaration that he filed in support of his motion. And most importantly, Plaintiff fails to explain

3

how the proposed amendment addresses the grounds for dismissal outlined in Local 802's motion to dismiss.

## **CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiff's motion for leave to amend his complaint as futile. In the event, however, Plaintiff's leave to amend is granted, Local 802 requests leave to supplement its opposition to Plaintiff's motion for summary judgment.

Dated: November 13, 2024
New York, New York

Respectfully submitted,

*/s/ Susan Davis*
Susan Davis
Olivia R. Singer
COHEN, WEISS and SIMON LLP
909 Third Avenue, 12th Floor
New York, New York 10022-4869
Tel: (212) 563-4100
sdavis@cwsny.com

*Attorneys for Defendant Associated Musicians of Greater New York, Local 802, American Federation of Musicians*

4