UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------
LIANG WANG,

                  Plaintiff,

   v.

THE PHILHARMONIC-SYMPHONY SOCIETY OF NEW YORK, INC., AND ASSOCIATED MUSICIANS OF GREATER NEW YORK, LOCAL 802, AMERICAN FEDERATION OF MUSICIANS,

                  Defendants.

-------------------------------------------------------------------

1:24-cv-03356-AS

[rel. 1:24-cv-03348-AS]

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF LIANG WANG'S MOTION FOR LEAVE TO AMEND THE COMPLAINT**

Defendant The Philharmonic-Symphony Society of New York, Inc. (the "Society") submits this Memorandum of Law in opposition to the Motion for Leave to Amend the Complaint ("Motion to Amend") filed by Plaintiff Liang Wang ("Wang") (ECF 56). As explained below, the Society requests that the Court deny the Motion to Amend because Wang's proposed amendment would be futile for the reasons stated in the Society's fully-briefed Motion to Dismiss the Complaint (ECF 23, 49), is procedurally improper, and would unduly delay the prompt resolution of the pending dispositive motions.

## PROCEDURAL BACKGROUND

On May 1, 2024, Wang commenced this action against the Society and Defendant Associated Musicians of Greater New York, Local 802, American Federation of Musicians (the "Union"). (ECF 1.) On June 5, 2024, the Society and the Union (collectively, "Defendants") filed Motions to Dismiss the Complaint in their entirety with prejudice. (ECF 19 – 24.) On July 22, 2024, pursuant to the parties' joint request, the Court stayed discovery until resolution of the pending motions to dismiss and anticipated motion for partial summary judgment by Wang. (ECF 32.) On July 29, 2024, Wang submitted his opposition to Defendants' Motions to Dismiss, and filed a Motion for Partial Summary Judgment ("MPSJ"). (ECF 36, 40.) On September 18, 2024, Defendants submitted oppositions to Wang's MPSJ. (ECF 46, 50.) Defendants' Motions to Dismiss and Wang's MPSJ are now fully briefed.

On October 30, 2024, Wang filed the instant Motion to Amend (ECF 58.) His proposed amendment seeks to "simply add a one-page verification to the original Complaint." (*Id.* at 2.)

## STANDARD OF REVIEW

Under Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Although "[t]he court should freely give leave when justice so requires" (*id.*), it is proper to deny leave to amend when the proposed amendment is

futile. *See Acito v. IMCERA Grp., Inc.*, 47 F.3d 47, 55 (2d Cir. 1995); *Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir. 1990). In determining whether a proposed amendment is futile, the Court applies the same standard as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). *See IBEW Loc. Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal Bank of Scotland Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015) (affirming district court's dismissal of plaintiffs' claims and its order denying plaintiffs' motions for leave to file amended complaint: "the standard for denying leave to amend based on futility is the same as the standard for granting a motion to dismiss."); *Majorica, S.A. v. Majorca Int'l, Ltd.*, 687 F. Supp. 92, 94-95 (S.D.N.Y. 1988) (citations omitted) ("[C]ourts have followed the Supreme Court's decision in *Foman v. Davis*, 371 U.S. 178, 182 (1962) in denying leave to amend when the proposed amended pleading is without legal merit and subject to dismissal under Fed. R. Civ. P. 12(b)(6)."). Accordingly, leave to amend is properly denied where an amendment will not salvage the plaintiff's claims, and where the supplemental information "cannot cure the[] pleading deficiencies." *Acito*, 47 F.3d at 55.

Finally, this "Court's practices make clear that 'declining to amend [its] pleadings to timely respond to an argument in the motion to dismiss may constitute a waiver of [the plaintiff's] right to later use the amendment process to cure defects that have been made apparent by the briefing.'" *Zunzurovski v. Finger*, No. 23-CV-4883 (AS), 2024 WL 836481, at *5 (S.D.N.Y. Feb. 28, 2024) (Subramanian, A.) (citing Individual Pracs. in Civ. Cases ¶ 8.G.ii).

## ARGUMENT

### I. THE MOTION TO AMEND SHOULD BE DENIED BECAUSE IT IS FUTILE AND PROCEDURALLY IMPROPER.

Although this Court is afforded discretion to grant leave to amend a pleading, Wang has failed to identify a sufficient basis for the Court to do so here. Wang seeks to remedy his evidentiary failings in his MPSJ, which was filed on July 29, 2024. (ECF 36, 37.) In support of his

2

MPSJ, Wang submitted a Rule 56.1 Statement (ECF 37) that relied almost exclusively on his unverified Complaint allegations, which the Society demonstrated (and Wang concedes) do not constitute admissible evidence for the Court to consider on a motion for summary judgment. (ECF 50 at 4, ECF 60 at n.1.) Wang could have (as Plaintiff Matthew Muckey, in the related action, did in support of his MPSJ[1]) submitted a declaration or other admissible evidence in support of his MPSJ—but failed to do so. The Society respectfully submits that the Court should not permit Wang to retroactively verify his Complaint allegations just so he can use them for his already-filed MPSJ.

Here, adding a verification would not rectify any of the deficiencies articulated in Defendants' pending Motions to Dismiss. For example, a one-page verification does nothing to counter the Society's argument that Wang has not plausibly alleged that the Union breached its duty of fair representation ("DFR"), which is a threshold requirement for a hybrid claim under Section 301 of the Labor Management Relations Act ("Section 301"), nor has he plausibly alleged a breach of the applicable collectively-bargained agreements. Indeed, Wang recognizes his proposed amendment does not substantively change the Complaint, noting that "the single change is exceedingly modest." (ECF No. 58 at 2.) Wang's proposed amended Complaint merely restates claims that are preempted and/or facts that fail to state a claim. Thus, the Court need not reach or even consider the verification to dismiss each of the claims asserted by Wang against Defendants and, therefore, permitting an amendment here would be futile. *See Anthes v. N. Y. Univ.*, No. 17CV2511 (ALC), 2018 WL 1737540, at *18 (S.D.N.Y. Mar. 12, 2018), *aff'd sub nom. Anthes v. Nelson*, 763 F. App'x 57 (2d Cir. 2019) ("Many of the claims articulated in the proposed

---

[1] *See Muckey v. Associated Musicians of Greater New York, Local 802, American Federation of Musicians et al.*, Case No. 1:24-cv-03348 (AS) (RWL), at ECF 47, 50.

complaints are worded identically to the claims in Plaintiff's First Amended Complaint. As such, the Court concludes that leave to amend would be futile, and declines to grant Plaintiff leave to file either of his proposed amended complaints.").

Even if Wang's proposed amendment attempted to address deficiencies articulated in Defendants' Motions to Dismiss (which it does not), Wang failed to, "within 10 days of receipt of the motion [which was filed on June 5, 2024], notify the Court and [his] adversary [he] intend[ed] to file an amended pleading pursuant to Rule 15(a)(1), and the date by which [he would] do so." *See* Individual Pracs. In Civ. Cases ¶ 8.G.ii. This Court's rules are clear: "Non-moving parties are on notice that declining to amend their pleadings to timely respond to an argument in the motion to dismiss may constitute a waiver of their right to later use the amendment process to cure defects that have been made apparent by the briefing." *Id.* This procedural deficiency is reason enough for the Court to disregard Wang's request to belatedly amend his Complaint. *See Zunzurovski*, 2024 WL 836481, at *5 (denying motion for leave to amend where plaintiff did not seek to amend complaint to cure defects made apparent in motion to dismiss briefing); *see also Ritchie Cap. Mgmt., L.L.C. v. Gen. Elec. Cap. Corp.*, 821 F.3d 349, 352 (2d Cir. 2016) (finding no error in the district court's decision to dismiss complaint with prejudice and without granting plaintiff leave to amend when "the district court's rules explicitly state that if a party does not elect to amend within 21 days of a motion to dismiss no further opportunity to amend will ordinarily be granted.").

In sum, Wang waived his right to seek leave to amend and, on the substance, the Court should deny Wang's request because any amendment would be futile.

## II.  THE PROPOSED AMENDMENT WOULD CAUSE UNDUE DELAY AND PREJUDICE DEFENDANTS.

Wang's conclusory assertions that the Motion to Amend "will not bring undue prejudice" towards Defendants or "cause undue delay" ring hollow. (ECF 58 at 2.) Defendants' respective

Motions to Dismiss were fully briefed as of September 18, 2024, and Wang has submitted a Motion to Amend in connection with his MPSJ reply, which was filed on October 30, 2024 (after an extension of time was granted). Although the Society intends to rely on its pending Motion to Dismiss if the Court grants Wang's Motion to Amend, pursuant to this Court's Individual Practices in Civil Cases at 8.G.ii.a, Wang's belated motion practice in connection with his pleading has unduly delayed the resolution of Defendants' Motions to Dismiss.

Although the Society maintains that the Court should grant Defendants' Motions to Dismiss and deny the MPSJ with prejudice as moot, the Society requests an opportunity to submit a supplemental response to Wang's Local Rule 56.1 Statement in the event that the Court considers Wang's MPSJ and grants Wang's Motion to Amend.

## CONCLUSION

For the foregoing reasons, the Society respectfully requests that the Court deny Wang's Motion to Amend.

Dated: New York, New York
       November 13, 2024

>                                Respectfully submitted,
>
>                                /s/ *Howard Z. Robbins*
>                                Howard Z. Robbins (Lead Trial Counsel)
>                                Joshua S. Fox
>                                PROSKAUER ROSE LLP
>                                Eleven Times Square
>                                New York, NY 10036
>                                Telephone: 212.969.3000
>                                Facsimile: 212.969.2900
>                                hrobbins@proskauer.com
>                                jfox@proskauer.com
>
>                                *Attorneys for Defendant The Philharmonic-Symphony Society of New York, Inc.*