UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
LIANG WANG,                                              :
                                                         :  Case No.
                    Plaintiff,                           :  1:24-cv-03356 (AS)
                                                         :
         vs.                                             :  [rel. 1:24-cv-03348 (AS)]
                                                         :
THE PHILHARMONIC-SYMPHONY SOCIETY                        :
OF NEW YORK, INC. AND ASSOCIATED                         :
MUSICIANS OF GREATER NEW YORK, LOCAL                     :
802, AMERICAN FEDERATION OF MUSICIANS,                   :
                                                         :
                    Defendants.                          :
------------------------------------------------------------------ X

# PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR LEAVE TO AMEND THE COMPLAINT

CARTER LEDYARD & MILBURN LLP
28 Liberty Street, 41st Floor
New York, NY 10005
(917) 533-2524
lewis@clm.com
meara@clm.com

*Attorneys for Plaintiff Liang Wang*

*Of Counsel,*
   Alan S. Lewis
   Karen E. Meara

**PRELIMINARY STATEMENT**

Plaintiff, Liang Wang, respectfully submits this Reply Memorandum of Law in further support of his Motion for Leave to Amend the Complaint (ECF No. 56) and in response to Defendants' Oppositions thereto. (ECF Nos. 72-73).

Defendants' Opposition papers misconstrue the nature and purpose of Plaintiff's motion. Contrary to Defendants' assertions, Plaintiff's Motion for Leave to Amend is not, as Defendants characterize, an attempt to address deficiencies raised in their Motions to Dismiss (ECF Nos.19-24). Rather, Plaintiff seeks to amend the Complaint to cure a single, narrowly defined technical defect identified in Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment ("MPSJ") (ECF Nos 46, 50), a defect unrelated to the grounds for dismissal raised in Defendant's Motions to Dismiss.

Defendants' argument that the amendment is futile is similarly misplaced. The proposed amendment was prompted by Defendants' Oppositions to the MPSJ, not their Motions to Dismiss, and the futility analysis is not governed by the same standard as FRCP Rule 12(b)(6), as Defendants suggest. Contrary to Defendants' analysis, Plaintiff's proposed amendment is not futile, but rather effectively allows the Court to consider the substantive merits of the MPSJ without having to dismiss it for procedural shortcomings. It is made in good faith, will not cause undue delay, and will not bring undue prejudice towards Defendants. The proposed amendment, narrowly tailored to add a single verification page to the Complaint, does not impact any substantive arguments raised in any of the motion papers for the MPSJ or the Motions to Dismiss.

Granting this motion will effectively allow the Court to address the merits of the MPSJ. Accordingly, Plaintiff respectfully requests that the Court grants his Motion for Leave to Amend the Complaint.

**ARGUMENT**

A. **Plaintiff properly and timely filed his motion to amend to address a defect raised in Defendants' Opposition to MPSJ.**

Defendants filed their Motions to Dismiss on June 5, 2024. (ECF Nos. 19–24.) In their motions, Defendants did not raise any issue regarding the admissibility of the allegations in the Complaint or the defect of an unverified complaint. These issues were not apparent from the briefing on the Motions to Dismiss. It was not until September 18, 2024, when Defendants filed their Opposition to MPSJ, that Plaintiff was put on notice of their arguments that the allegations in the Complaint were inadmissible due to a lack of verification. (ECF Nos. 46, 50).

The authorities Defendants rely on are thus misplaced as they apply only to deficiencies addressed in Motions to Dismiss, not those addressed in summary judgment motions. *See* Hon. Arun Subramanian, Individual Practice in Civil Cases, Rule 8(G)(ii)(stating that non-moving parties that failed to amend to timely to respond to deficiencies in *motion to dismiss* may constitute a waiver of right to amend later); *see also Zunzuroski*, 2024 WL 836481, at *5 (S.D.N.Y. Feb.28, 2024) (denying motion for leave to amend where plaintiff did not seek to amend to address defects made apparent in *motion to dismiss* briefing).

When Plaintiff was eventually put on notice of the technical defect, Plaintiff's counsel sent counsel for Defendants an email, seeking their consent to amend the Complaint. (ECF No. 57-3). After counsel for both Defendants declined, Plaintiff filed his motion to leave to amend in a timely and appropriate manner.

### B. Plaintiff's motion effectively addresses and cures a technical defect raised in Defendant's Opposition.

In addition to misapplying the inapplicable local rule and precedents to Plaintiff's proper and timely motion, Defendants also fail to identify the correct standard of review for evaluating the futility of a proposed amendment. Defendants erroneously claim that the Rule 12(b)(6) standard applies, overlooking the principle that a 12(b)(6) standard is only relevant when a motion to amend is made to address deficiencies identified in a motion to dismiss. *See Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) (stating that when motion for leave to amend is made in response to a motion to dismiss under Rule 12(b)(6), leave to amend will be denied as futile if the proposed amendment cannot withstand a 12(b)(6) motion but the rule is different when it comes to a motion to amend at the summary judgment stage). Again, here, Plaintiff's motion to amend is to address a single defect mentioned in the briefing on the MPSJ – not in the Motions to Dismiss. In such circumstances, the appropriate standard of review is the summary judgment standard. *See 360 N. Rodeo Drive, LP v. Wells Fargo Bank, Nat'l Ass'n*, No. 22-CV-767 (AS), 2024 WL 449401, at *1 (S.D.N.Y. Feb. 6, 2024) ("Sometimes, though, futility should be evaluated under the Rule 56 summary-judgment standard. . . . The handful of times that the Second Circuit has applied the summary-judgment standard to assess futility, the case was already at summary judgment. . . ."); *see also Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir. 1990); *Hemphill v. Schott*, 141 F.3d 412, 420 (2d Cir. 1998).

Far from being futile, Plaintiff's proposed amendment to add a one-page verification would effectively admit into evidence those allegations contained in the Complaint that Defendants disputed for lack of verification but not on substance. The proposed amendment enables the Court to consider them on a motion for summary judgment. Allowing Plaintiff to verify the Complaint ensures that the Court can address the merits of the claims and issue a

ruling based on their substantive validity, rather than dismiss the MPSJ on a procedural technicality. *Leber v. Citigroup 401(K) Plan Inv. Comm.*, 129 F. Supp. 3d 4, 17 (S.D.N.Y. 2015) (stating that "the purpose of Rule 15 is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities.").

### C. The proposed amendment would not cause undue delay or prejudice defendants.

Defendant the Philharmonic fails to identify any specific delay that the proposed amendment would cause to its Motion to Dismiss, relying instead on conclusory assertions. The Philharmonic's argument that Plaintiff's motion practice has unduly delayed the resolution of Defendants' Motion to Dismiss is flawed for several reasons.

First, again, Plaintiff's motion to amend relates to his MPSJ, not the Motion to Dismiss. Second, the mere passage of time should not be considered as sufficient to defeat a motion for leave to amend. Otherwise, no amendments could ever be granted, given that some delay is inherent in any amendment process. *C.f. O'Sullivan v. Deutsche Bank AG,* 2018 U.S. Dist. LEXIS 70418, at *30 (S.D.N.Y. Apr. 26, 2018) ("the passage of a reasonable amount of time . . . cannot itself constitute prejudice sufficient to defeat a motion to stay discovery. Otherwise, stays would never be granted given that some delay is inherent in any stay."). Third, the Philharmonic itself has informed the Court that it intends to rely on its pending Motion to Dismiss without filing a new one. Accordingly, any delay caused by the amendment to the Motion to Dismiss would be minimal.

The proposed Amended Complaint introduces only a one-page verification and does not include any new allegations or claims. This verification addresses a purely technical argument made by Defendants in their oppositions to Plaintiff's MPSJ, without impacting the substantive arguments in any of the motion papers. In their opposition to MPSJ, while Defendants made

dozens of objections to Plaintiff's reliance on allegations in the unverified complaint, they simultaneously admitted that the substance of the vast bulk of those statements was undisputed. Because the amended complaint does not introduce any new facts, the Philharmonic's request to submit a supplemental response to Wang's Local Rule 56.1 Statement should be denied as necessary.

Therefore, granting Plaintiff's motion to amend will not prejudice Defendants, nor will it cause undue delay.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant his Motion to Amend.

Dated: New York, New York
November 20, 2024

Respectfully submitted,

CARTER LEDYARD & MILBURN LLP

By:   /s/ Alan S. Lewis
Alan S. Lewis
Karen E. Meara
28 Liberty Street, 41st Floor
New York, NY 10005
(917)544-2524
lewis@clm.com
meara@clm.com

*Attorneys for Plaintiff Liang Wang*