# CARTER LEDYARD MILBURN

**Alan S. Lewis**
Partner
lewis@clm.com

28 Liberty Street, 41st Floor
New York, NY 10005
D / 212-238-8647

February 3, 2025

**VIA ECF**

Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

    Re:    *Wang v. The Philharmonic-Symphony Society of New York, Inc., et al.*
              Case No. 1:24-cv-03356 (AS) (RWL) [Rel: Case No. 1:24-cv-03348 (AS) (RWL)]
              [Rel: Case No 1:24-cv-03987(AS)(RWL)]

Dear Judge Subramanian:

      On behalf of the Plaintiff in this action and pursuant to Paragraph 11(B) and (C)(ii)–(iii) of this Court's Individual Practices in Civil Cases, we write to respectfully request permission to (i) file under seal an unredacted copy of the arbitration opinion and award (the "Arbitration Decision") that this Court directed Plaintiff to submit to the Court in its Order dated January 28, 2025 (ECF #75); and (ii) to file an unsealed version of that document that is redacted to the same extent as it is publicly redacted in the related case of *Wang v. Sussman et al*.

      Plaintiff also writes to separately request that the Court terminate that portion of the January 28, 2025 Order that directs Plaintiff to file his individual employment agreement with the Court, as Plaintiff has already filed that document in this action.  (*See* ECF 38-1).

      The Arbitration Decision is currently filed with this Court under seal in the related case *Wang v. Sussman, et al.,* Case No. 1:24-cv-0398(AS)(RWL) (*see* ECF #31). Sealing was warranted in that case and is warranted here because the opinion quotes extensively from proceedings – including testimony and documents -- that all parties to this action have consistently acknowledged were intended to remain confidential.  While a prior agreement among parties is not always, by itself, a sufficient basis to cut against the presumption in favor of public access, sealing is warranted in this instance to protect important privacy interests; the Award quotes and paraphrases witnesses, including third-party witnesses, about highly sensitive subjects involving allegations of sexual misconduct.

      Although U.S. courts generally favor public disclosure of proceedings, including documents filed therein, that right "is not absolute," and the right of inspection must sometimes yield to the "power of the court to ensure that its records are not used to gratify private spite or

**CARTER LEDYARD MILBURN**                                                                -2-

promote public scandal." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) (quotation marks omitted).

Defendants have not yet apprised us of their position with regard to this request.

Thank you for your consideration.

                                                    Respectfully,

                                                    /s/ *Alan S. Lewis*

                                                    Alan S. Lewis

ASL:bp

The request is GRANTED.

The Clerk of Court is directed to terminate the motion at Dkt. 78.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Dated: February 4, 2025