February 18, 2025

<u>Via Electronic Case Filing</u>

Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY, 10007

        Re:    *Wang v. The Philharmonic-Symphony Society of New York, Inc. et al*
                Case No. 1:24-cv-03356 (AS) (RWL); and *Muckey v. The Philharmonic-Symphony Society of New York, Inc. et al*, Case No. 1:24-cv-03348 (AS) (RWL)

Dear Judge Subramanian:

The parties submit this joint letter pursuant to the Court's January 28, 2025 Orders [ECF 73, 75].

**Plaintiffs' Position.  Existing Claims are not Moot.**  Plaintiffs have suffered monetary damages as a result of their April 2024 suspensions that are distinct from and in addition to the injuries inflicted by their recent terminations.  Since being suspended, both Plaintiffs have been prevented from performing or even rehearsing with the orchestra, which results in the continuing aggregation of cumulative damage to their standing in the classical music world through the duration of their suspensions.  Also, Muckey was removed from a soloist performance with Chamber Music Society of Lincoln Center; an inaugural orchestral concert of Composing Inclusion, a partnership of the Juilliard Preparatory Division, sponsored by the Philharmonic; an All-City Orchestra coaching, sponsored by the Philharmonic and other opportunities of a like nature. Wang has likewise suffered the loss of similar performing opportunities worldwide detailed in his Complaint, and additionally has been and will continue to be prevented from performing a series of long scheduled solos that the Philharmonic had promised him and which would have been a pinnacle of his distinguished career.  Moreover, given that, as described below, the Philharmonic dismissed Plaintiffs without making any findings of just cause, the dismissals enhance the strength of the existing claims.  Both Plaintiffs' damages from their suspensions include, but are not limited to, lost wages, benefits, and other economic losses, including attorneys' fees, and Wang remains entitled to additional damages grounded in his existing claims of discrimination.

**The Dismissals Give Rise to New Claims.**  The Philharmonic's termination of Plaintiffs now only adds grounds for new claims in addition to those already before the Court.  The Philharmonic did *not* invoke just cause or any investigative findings when it terminated Plaintiffs and relied only on the notion that a never before employed section of the collective bargaining agreement (the "CBA") purportedly gives the Philharmonic *carte blanche* to terminate tenured musicians without just cause.  Consistent with its abandonment of its duties to Plaintiffs *ab initio*, the Union subsequently conspired with the Philharmonic not to grieve this patently unlawful invocation of Article XIV, in exchange for a promise that the Philharmonic would not subject *other* Union members to similarly unlawful conduct.  As the Union explained, it –"expressed concern to [the

Philharmonic] about the precedent that this could set for the NY Phil's use of Article XIV instead of the just cause dismissal process in Article VII.E.7. . . . [the Philharmonic] confirmed that [it] would not use the Article XIV non-reengagement procedure to supplant or do an end-run around the requirement for having "just cause" for dismissals under Article VII.E.7 of the CBA. This understanding was later confirmed in writing between counsel for Local 802 and counsel for the NY Phil." Thus, the invocation of Article XIV by Defendants is obviously a pretext to find a way to terminate Plaintiffs because they cannot establish just cause under Articles VII and XV of the CBA. Plaintiffs are not receiving their full contractual salary in that, as of October 14, 2024, they are not receiving their overscale pay (a significant portion of their compensation).

Based upon the foregoing, Plaintiffs will be asserting additional causes of action relating to these terminations – additional hybrid claims against both Defendants under the Labor Management Relations Act and discrimination claims under state and city law as well as Title VII of the Civil Rights Act. We have requested consent from Defendants to amend the current action to add these claims, but they have refused. Plaintiffs will move to amend (or file new complaints). Under the circumstances we believe that either a conference with the Court or the ordering of expedited letter briefing on Plaintiffs' Rule 15(a)(2) motion to amend may be helpful to sort out the procedural issues presented.

Defendants' reference below to recent investigation findings of repeated misconduct is irrelevant because Plaintiffs were *not* suspended or terminated based on such allegations. It is inserted for the purpose of character assassination – to disparage Plaintiffs publicly while obscuring the reality that the Philharmonic was aware it could not prove any such misconduct amounting to just cause - which is exactly why it did *not* terminate either Plaintiff based on purported just cause or any findings of misconduct.

**Defendants' Position.** As brief background, on May 1, 2024, Wang and Muckey filed separate actions seeking to challenge the Society's decision to place them on paid administrative leave during the pendency of an investigation, which Plaintiffs characterized as a disciplinary suspension. Muckey and Wang also challenged the decision of their union, Associated Musicians of Greater New York, Local 802, AFM (the "Union"), to await the Society's actions, if any, following the conclusion of the investigations before determining how to proceed. As a cornerstone of their prayers for relief, Wang and Muckey both sought to enjoin the Society from continuing their paid administrative leaves.

On October 15, 2024, following the conclusion of its investigation, the Society issued notices of non-reengagement to both Wang and Muckey, pursuant to Article XIV of the collective bargaining agreement ("CBA") between the Society and Local 802. Article XIV provides in relevant part:

> If the Society desires not to engage a member of the Orchestra for the
> following year…, it must give notice to that effect to said member by
> February 15th prior to the beginning of the year in question… The
> Society, however, will endeavor whenever possible to give the
> Orchestra member concerned one year's dismissal …

In accordance with Article XIV, the Society informed both Muckey and Wang that the Society had decided not to reengage each of them (i.e., to terminate them) for the 2025-26 season and

would continue to pay their salary and benefits through September 14, 2025. On November 5, 2024, the Union (through a unanimous vote of its Executive Board) decided not to challenge the Society's non-reengagement decision in arbitration. The Union's decision followed review by a nine-orchestra-member Disciplinary Review Committee, elected by the full Orchestra, pursuant to the CBA's dismissal review procedures. The Disciplinary Review Committee unanimously recommended that the Union not contest the Society's decision to issue the notices of non-reengagement to Muckey and Wang.

**The Pending Action is Rendered Moot:** Plaintiffs' complaints assert that their placement on paid administrative leave in 2024 pending investigation into sexual misconduct violated a 2020 arbitration award. The complaints ignore the fact that the 2024 investigation into sexual misconduct pertained to an entirely separate set of allegations than those arbitrated in 2018, and second, that Plaintiffs' paid administrative leave was an interim, non-disciplinary measure while the investigations were ongoing, and could not be the basis of a grievance under the CBA. Defendants believe that the October 15, 2024, decision of the Society to issue notices of non-reengagement to Wang and Muckey (i.e., to terminate their employment) – which are not the basis of any of Plaintiffs' claims currently before the Court – impacts the pending actions because the termination notices are material superseding events that render the primary remedies Plaintiffs seek in the pending actions moot.

The subsequent decisions to terminate Plaintiffs' employment render any order to end the now-concluded paid administrative leaves moot and meaningless. Moreover, both Wang and Muckey will continue to receive their salary and benefits through September 2025, which eliminates any potential claim for monetary damages during the paid administrative leaves at issue in the Complaints. Any purported harm suffered by Plaintiffs was due to their own misconduct, not the proper handling of their dismissals by the Society or the Union's decision not to file a grievance.

**Plaintiffs' Potential New Claims Are Meritless (And Irrelevant to the Court's Order):** Plaintiffs' assertion that they intend to file new claims regarding their terminations pursuant to Article XIV (which does not include a "just cause" standard) is not responsive to the Court's Order that the parties address the impact on the pending claims "in this case." (ECF 73, 75.) But given Plaintiffs' decision to air these new claims, Defendants feel compelled to respond. Plaintiffs' potential new claims are meritless, as the Society clearly complied with the provisions of Article XIV and terminated Plaintiffs in late 2024 following an exhaustive investigation into allegations unrelated to the 2020 arbitration award that ordered their reinstatement; the recent investigation found that Plaintiffs engaged in a repeated course of sexual misconduct and other inappropriate conduct over many years. Their 2020 reinstatement was not a guarantee that neither of the Plaintiffs could ever be terminated in the future.

For the reasons stated above—that the Union's decision followed a unanimous recommendation by the Orchestra's Dismissal Review Committee, was supported by a thorough investigation, and where the Article XIV process does not require "just cause"—the Union did not violate the duty of fair representation owed to Plaintiffs. In any event, because these potential new claims are merely additive and separate from the pending claims in the Complaint, Defendants respectfully submit that there is no basis for the Court to permit Plaintiffs to amend the Complaint for the reasons stated in Defendants' motions to dismiss, which have now been fully briefed since November 2024, and the Complaint should be dismissed with prejudice.

Counsel for all parties consent to the use of electronic signatures.

Respectfully submitted,

| McLAUGHLIN & STERN, LLP | CARTER LEDYARD & MILBURN LLP |
|---|---|
| */s/ Steven J. Hyman* _____ | */s/ Alan S. Lewis*_____ |
| By: Steven J. Hyman, Esq. | By: Alan S. Lewis, Esq. |
| Jacqueline C. Gerrald, Esq. | Karen E. Meara, Esq. |
| Paul H. Levinson, Esq. | Carter Ledyard & Milburn LLP |
| 260 Madison Avenue | 28 Liberty Street, 41st Floor |
| New York, NY 10016 | New York, NY 10005 |
| (212) 448-1100 | (917) 553-2524 |
| shyman@mclaughlinstern.com | lewis@clm.com |
| jgerrald@mclaughlinstern.com | meara@clm.com |
| plevinson@mclaughlinstern.com | *Attorneys for Plaintiff Liang Wang* |
| *Attorneys for Plaintiff Matthew Muckey* | |

| PROSKAUER ROSE LLP | COHEN, WEISS AND SIMON LLP |
|---|---|
| */s/ Howard Z. Robbins* _____ | */s/ Olivia R. Singer* _____ |
| By: Howard Z. Robbins, Esq. | By: Susan Davis, Esq. |
| Joshua S. Fox, Esq. | Olivia R. Singer, Esq. |
| Proskauer Rose LLP | 909 Third Avenue, 12th Floor |
| Eleven Times Square | New York, NY 10022 |
| New York, NY 10036 | (212) 356-0205 |
| (212) 969-3000 | sdavis@cwsny.com |
| jfox@proskauer.com | osinger@cwsny.com |
| hrobbins@proskauer.com | *Attorneys for Defendant Associated* |
| *Attorneys for Defendant The Philharmonic-Symphony Society of New York, Inc.* | *Musicians of Greater New York, Local 802, American Federation of Musicians* |

cc:    All counsel of record (via ECF)