# CARTER LEDYARD MILBURN

**Alan S. Lewis**
Partner
lewis@clm.com

28 Liberty Street, 41st Floor
New York, NY 10005
D / 212-238-8647

The request is GRANTED. The Clerk of Court is directed to terminate the motion at Dkt. 115.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Dated: July 28, 2025

July 25, 2025

**VIA ECF**

Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

Re:  *Wang v. The Philharmonic-Symphony Society of New York, Inc., et al.*
     Case No. 1:24-cv-03356 (AS) (RWL) [Rel: Case No. 1:24-cv-03348 (AS) (RWL)]

Dear Judge Subramanian:

    We respectfully request permission to file a combined memorandum of law in opposition to the Defendants' motions to dismiss that would not exceed 17,500 words—the total number of words that would be allowed if we filed two separate memoranda of law. We attach an email from counsel to the Union, articulating its opposition.

    We made a similar request when briefing the motions to dismiss the original complaint, which the Court granted. *See* Docket No. 53. Nevertheless, Defendants again oppose our request, for reasons that are essentially the same as their reasons for opposing our last such application. Thus, the Union opposes the filing of a single memorandum because that would enable Mr. Wang to avoid repetition: filing two memoranda would require him to *repeat* the pertinent facts and legal standards—something the Union says it desires, because repetition would require Wang to devote fewer words to substance. But respectfully, limiting the need for repetition and allowing a greater focus on substance is beneficial. Defendants cannot be prejudiced by this, as each will have their own opportunities to submit reply memoranda.

    The Union also makes a false analogy, emphasizing that each Defendant "drafted and submitted two separate motions and briefs" in response to two Plaintiffs' complaints. But that is because Wang and Muckey, while asserting similar claims, are different parties who filed their own complaints based on non-identical facts. On the other hand, Wang's proposed combined memorandum of law defends his single amended complaint against the attacks lodged against it.

    Respectfully, it is neither inappropriate nor unusual, when responding to related but distinct arguments separately asserted by different parties, to do so in the same responsive brief. For example, where codefendants file criminal appeals that raise distinct legal issues, the Government will regularly request and receive permission to file a combined brief that exceeds

**CARTER LEDYARD MILBURN**  -2-

the Court of Appeals' ordinary word limitations for a single brief, given that combination. Wang's request is not conceptually different.

                                                Respectfully,

                                                 */s/ Alan S. Lewis*

                                                Alan S. Lewis

ASL:bp
Attachment

| | |
|---|---|
| **From:** | Olivia R. Singer <Osinger@cwsny.com> |
| **Sent:** | Friday, July 25, 2025 11:10 AM |
| **To:** | Lewis, Alan S.; Lynam, Ashley R. |
| **Cc:** | Sand, Jacob; Ramirez, Geneva; Susan Davis; Meara, Karen E. |
| **Subject:** | RE: Wang v. The Philharmonic-Symphony Society of New York/ Local 802 |

Hi Alan,

Local 802 does not consent to this request. As I'm sure you are aware, given your request, there is a difference between submitting two briefs responding to each Defendants' motion to dismiss and a single, longer consolidated brief with double the word count. For example, in a consolidated brief, the Plaintiffs will have to include only one fact section and one standard of review, leaving considerable room for additional argument not available if Plaintiffs followed the usual course and submitted one brief in response to each motion. Local 802 drafted and submitted two separate motions and briefs in response to Plaintiffs' complaints and the Philharmonic did the same. We believe that Plaintiffs' request would unduly prejudice the Defendants and put Defendants at an unfair disadvantage. Please include your request and our response as an attachment to any motion you file in connection with this request.

Thank you.



**Olivia Singer**
909 Third Avenue, 12th Floor
New York, NY 10022-4731
o 212.356.0206
c 860.539.7282
f 646.473.8206
osinger@cwsny.com
www.cwsny.com
Biography
Pronouns: she, her, ella


**From:** Lewis, Alan S. <Lewis@clm.com>
**Sent:** Thursday, July 24, 2025 4:37 PM
**To:** Lynam, Ashley R. <ashley.lynam@morganlewis.com>; Olivia R. Singer <Osinger@cwsny.com>
**Cc:** Sand, Jacob <jacob.sand@morganlewis.com>; Ramirez, Geneva <geneva.ramirez@morganlewis.com>; Susan Davis <sdavis@cwsny.com>; Meara, Karen E. <Meara@clm.com>
**Subject:** Wang v. The Philharmonic-Symphony Society of New York/ Local 802


Ashley and Olivia,

We intend to combine Wang's opposition to your motions to dismiss into a single memorandum of law of up to 17,500 words, rather than filing two separate memoranda, each with word limits of 8,750. Since the total

1

permitted words would be exactly the same as if we filed separate briefs, this hardly seems to us like a concession: it would have no identifiable impact on either of your clients.

We are nevertheless aware from Muckey's counsel that you opposed his similar request. While I presume you would oppose the same request from us, I must nevertheless ask.

**Please tell us your position, and if you oppose, the reason for your position**. This will enable us to discuss this with you and make an attempt to persuade you to withdraw your opposition, or if necessary, to apprise the Court of the reason for your position in the resulting request we would make to the Court.

Alan

Alan S. Lewis
Partner
Carter Ledyard & Milburn LLP
28 Liberty Street
New York, NY 10005
917.533.2524
lewis@clm.com  / www.clm.com

*******************************************************
This e-mail message and its attachments are confidential, intended only for the addressee(s) named above and may contain information that is proprietary, privileged, attorney work product or otherwise exempt from disclosure. If you receive this message in error please notify us at postmaster@clm.com and immediately delete this message and its attachments from your system.
*******************************************************