# EXHIBIT B

CARTER LEDYARD MILBURN

Alan S. Lewis
Partner
lewis@clm.com

28 Liberty Street, 41st Floor
New York, NY 10005
D / 212-238-8647

April 8, 2026

**BY EMAIL**

Ashley R. Lynam, Esq.
Morgan, Lewis & Bockius LLP
2222 Market Street
Philadelphia, PA 19103-3007
(ashley.lynam@morganlewis.com)

Dear Ms. Lynam:

We write with regard to the Philharmonic's public reporting of a "vacancy" for the position of Principal Oboe (on its website) and the related solicitation of auditions for that position. In that light, we put the Philharmonic on notice that, should it hire someone for the first oboe position, the Philharmonic will place itself, and potentially the person hired, at risk.

Hiring a replacement for Mr. Wang's first oboe position would compound the Philharmonic's previous contractual breaches that are alleged in the lawsuit. Mr. Wang was hired for that position in 2006, received tenure two years later, and ever since has held the position. Even after the Philharmonic terminated Mr. Wang in 2018, the Philharmonic kept Mr. Wang's first oboe position open throughout the almost two-year-long arbitration process in recognition of the fact that its termination decision was being challenged and that a possible remedy might be Mr. Wang's restoration to that position, which is exactly what happened.

There is no basis for treating the first oboe position differently today, based on the fact that Mr. Wang's current challenge to his termination is proceeding in court, rather than arbitration. It is fully within the power of the court—as it was in the power of Arbitrator Bloch—to order Mr. Wang's reinstatement. *See, e.g., Vaca v. Sipes*, 386 U.S. 171, 187–188 (1967) (court has power to fashion make-whole remedies in case of hybrid claim). Courts also have the power to order reinstatement even where a position has been backfilled. *See, e.g., McGruder v. Metro. Gov't of Nashville & Davidson Cnty., Tennessee*, 99 F.4th 336, 343–44 (6th Cir. 2024) (reinstatement order affirmed, despite fact that employer had hired replacements in Title VII context). The hiring of another "first oboe" would be an act by the Philharmonic taken with intent to thwart Mr. Wang's ability to obtain that remedy. Particularly now that the Philharmonic's motion to dismiss has been denied, we demand that the Philharmonic desist from treating the first oboe position as vacant. It is Mr. Wang's tenured position, and he intends and expects to reclaim it.

Indeed, Mr. Wang has expressly demanded to be restored "to his position in the orchestra including to his typical performance schedule as *first oboe*." Amended Complaint ECF#91 at 63 (emphasis added). Mr. Wang's plausible arguments for reinstatement are based not only on the collective bargaining agreement, but also his individual contract. Notably, in its

decision denying the motions to dismiss, the Court referenced but did *not* invalidate Mr. Wang's partial reliance on his individual contract.

Finally, the Philharmonic should consider that its hiring of a first oboe, where Mr. Wang has stated his plausible contractual entitlement to that position, may put at risk the career and position of any person hired for the position. Under the circumstances, we respectfully ask for a response to this letter within seven days. All rights reserved.

Sincerely,

Alan S. Lewis

ASL:bp