# Morgan Lewis

**Ashley R. Lynam**
Partner
+1.215.963.8832
ashley.lynam@morganlewis.com

April 17, 2026

**BY ECF**

Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

Re:     *Wang v. The Philharmonic-Symphony Society of New York, Inc. et al*, Case No. 1:24-cv-03356 (AS); *Muckey v. Associated Musicians of Greater New York, Local 802, et al.*, Case No. 1:24-cv-03348 (AS)

Dear Judge Subramanian:

We write on behalf of Defendant, The Philharmonic-Symphony Society of New York, Inc. (the "Philharmonic") in the above referenced matters. The Philharmonic writes to create record of the Parties' dealings to date and respectfully request the Court's intervention.

The Parties met and conferred on Monday, April 6, 2026 on the issues of case management and mediation pursuant to Your Honor's March 23, 2026 Order. Plaintiffs and the Philharmonic agreed to mediate, while the Union expressed willingness to mediate subject to an agreement to stay discovery pending mediation in order to preserve resources that might not need to be expended should a settlement be reached. The Union also requested Plaintiffs' position on whether mediation of each Plaintiff's respective claims would be conducted independently or through joint mediation. Plaintiffs did not agree to the Union's request for a stay and advised they would consider whether mediation of their respective claims would be conducted jointly or separately. The Parties also discussed whether mediation should proceed before a private mediator or before Magistrate Judge Lehrburger. The Parties agreed to reconvene so Plaintiffs could consider the Union's requests. **Plaintiffs did not reference any hiring-based preconditions to mediation at this April 6, 2026 meeting.**

Later that day, Plaintiff's counsel emailed defense counsel rejecting the Union's request for a stay of discovery pending mediation, but offering to forgo serving written discovery until May 15, 2026. Plaintiffs also confirmed their consent to mediate before Magistrate Judge Lehrburger and confirmed Plaintiffs' position on joint mediation. **Plaintiffs did not reference any hiring-based preconditions to mediation in this April 6, 2026 correspondence.** See Ex. A.

The parties met and conferred again on Wednesday, April 8th, 2026. The Union renewed their request to stay discovery, which Plaintiffs rejected. Ultimately, the Union agreed to mediate despite

**Morgan, Lewis & Bockius** LLP

2222 Market Street
Philadelphia, PA  19103-3007
United States
☎ +1.215.963.5000
🖷 +1.215.963.5001

Honorable Arun Subramanian
April 17, 2026
Page 2

not receiving an agreement to stay discovery. At the conclusion of the call, counsel for Plaintiff Wang stated that he would be sending a letter to the Philharmonic to demand the Philharmonic cease auditions to fill Plaintiffs' former positions in the orchestra. **Plaintiffs did not reference any hiring-based preconditions to mediation at this April 8, 2026 meeting.**

Later on April 8, 2026, Alan Lewis, Esq. emailed counsel for the Philharmonic with a cover note saying "following up on a subject I raised during our call today," and attaching a letter which asked the Philharmonic to "consider" halting auditions. See Ex. B. Jacqueline Gerrald, Esq., emailed counsel the same day attaching a letter demanding the Philharmonic "cease and desist from treating" their client's position as vacant. See Ex. C. **Plaintiffs did not reference any hiring-based conditions to mediation in either of the April 8, 2026 letters on the very topic.**

Thereafter, on April 13th Plaintiffs' counsel circulated a proposed case management order and cover letter to Defense counsel. This draft cover letter (and the enclosure e-mail) were wholly silent on the subject of mediation. Noting this absence, counsel for both Defendants confirmed their clients' respective willingness to mediate before Judge Lehrburger and recommended that the cover letter be copied to chambers in an effort to secure the earliest possible date for mediation. In response, Plaintiffs' raised, for the first time and on the eve that the Parties' submission to the Court was due, a new precondition on mediation: that the Philharmonic cease the audition process for Plaintiffs' former positions (which had been ongoing for months) and refrain from filling those positions pending mediation. See Ex. D.

To be clear, the audition process to fill Plaintiffs' seats has been underway since September 2025 when open auditions for those positions were made public. Since that time, the Philharmonic has undertaken numerous try-outs from well qualified candidates and expended significant time and resources in evaluating those candidates' suitability for these positions. Plaintiffs raised no issue and have taken no action to in response to this process for *eight months* as auditions have progressed.

Yet, when the Parties had an apparent agreement to mediate, Plaintiffs changed course, seeking to impose a condition precedent which was designed to upset the long-established status quo by impairing the Philharmonic's ability to perform its essential, hiring, firing and employment decisions and which would impair the Union's members ability to pursue potential advancement within the orchestra.[1]  Moreover, this precondition on mediation could not possibly have been constructive to the mediation process, as the Philharmonic will not offer Plaintiffs' their positions back as a condition of settlement, Plaintiffs certainly know this, and re-appointment is the most extreme and unlikely remedy sought.[2] The Philharmonic does not know why, and will not speculate about the reasons motivating this last minute change in position. But, in light of the Parties' apparent (albeit temporary) shared interest in mediation, the Philharmonic respectfully requests this Court exercise

---

[1] Plaintiffs have not attempted to secure preliminary injunctive relief at any time since this litigation has been filed.  Nor would they likely be entitled to such relief given that the current status quo has been in place for months, among other reasons.

[2] And even if ordered to take back Plaintiffs, the potential risks associated with filling their former positions during the pendency of litigation (to the extent such risks even exist) are owned solely by the Philharmonic, and which the Philharmonic fully accepts.

Honorable Arun Subramanian
April 17, 2026
Page 3

its authority to order the parties to attend mediation to evaluate whether a potential resolution can be reached.

Given the significant costs, both emotional and financial, associated with the prosecution and defense of claims such as those at issue in this litigation, the Philharmonic believes that all those involved, and most of all the survivors of sexual abuse, would be best served if the Parties made a good-faith effort at exploring whether the current disputes can be resolved. Mediation is the setting where those efforts will have the best chance of success.


Sincerely,

*/s/ Ashley R. Lynam*
Ashley R. Lynam


ARL


DENIED. It would not be productive to force a party to participate in a mediation if they are unwilling to do so absent conditions that the other side won't agree to. However, the Court observes that plaintiff hasn't moved for any injunctive relief during the nearly two years that this case has been pending, so insisting on that kind of relief as a precondition to mediation may not be productive either. Further, clients may not understand that talking through mediation is always a good thing. Even if a settlement isn't reached, an open dialogue may get the parties closer together or provide a pathway to resolution. At the very least, it gives the parties information about the other side's views about the strengths and weaknesses of their case. And on the mutual benefit of a settlement here, the Court previously observed that agreed-upon arbitration may be a solution: Notably, while this federal case may take years before a final judgment is obtained, an arbitration could be resolved within months, and may provide whoever prevails with all the relief that they are looking for, at a fraction of the time and cost. Long story short, the Court encourages the parties to continue to meet and confer to see whether they can resolve their current disputes.

The Clerk of Court is respectfully directed to terminate the motion at Dkt. 134.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: April 20, 2026